UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL LEIGHTON,

    Defendant.

CR17-13 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's pretrial motion, docket no. 36, is DENIED in part, STRICKEN in part, and DEFERRED in part, as follows.

    (a) Defendant's motion to exclude evidence concerning money collected from teenagers participating in the U.S. National Sea Cadet Corps ("NSCC") program is DENIED. When federal and nonfederal funds have been commingled, a person may nevertheless be convicted of embezzlement under 18 U.S.C. § 641 if the Government exercised supervision and control over the funds and their ultimate use by, for example, requiring reports and conducting audits. *United States v. Kranovich*, 401 F.3d 1107 (9th Cir. 2005); *United States v. Von Stephens*, 774 F.2d 1411 (9th Cir. 1985); *United States v. Gibbs*, 704 F.2d 464 (9th Cir. 1983).

    (b) Defendant's motion to exclude lay testimony about defendant's use or misuse of NSCC funds is DEFERRED to trial.

    (c) Defendant's motion to exclude evidence regarding the Government's receipt of "Firearm #11" is DEFERRED. Counsel shall meet and confer and provide to the Court by 9:00 a.m. on November 13, 2017, a stipulation concerning how "Firearm #11" was recovered.

MINUTE ORDER - 1

(d) Defendant's motion to exclude evidence about his post-indictment conduct is STRICKEN as moot. The Government has agreed not to offer such evidence in its case-in-chief and to obtain approval from the Court in advance if it intends to use such evidence as impeachment or in rebuttal.

(e) Defendant's motion to exclude evidence concerning benefits he receives from the Washington State Department of Labor & Industries ("L&I") is STRICKEN as moot. The Government has agreed not to offer such evidence in its case-in-chief and to obtain approval from the Court in advance if it intends to use such evidence as impeachment or in rebuttal.

(f) Defendant's motion to exclude evidence relating to an insurance claim he made after a residential fire in which he misrepresented several firearms were destroyed is DEFERRED to trial. Although evidence that defendant made a fraudulent insurance claim would not be admissible to show propensity, *see* Fed. R. Evid. 404(b)(1), it might be admissible for another purpose, including "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," *see* Fed. R. Evid. 404(b)(2). The Court treats the Government's response to defendant's motion as the requisite "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." *See* Fed. R. Evid. 404(b)(2)(A).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of October, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2