UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL N. LEIGHTON,

Defendant.

CR17-13 TSZ

ORDER

THIS MATTER comes before the Court on Defendant's Motion for Judgment of Acquittal and/or New Trial, docket no. 98 (the "Motion"). Having reviewed all papers filed in support of, and in opposition to, the Motion, the Court enters the following Order.

The parties are well versed in the facts and background of this action. Federal Rule of Criminal Procedure 29(a) governs Defendant's request for a judgment of acquittal. That rule provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Court must first construe the evidence in a light most favorable to the government and then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *United States v. Shetler*, 665 F.3d 1150, 1163 (9th Cir. 2011)). In so viewing the evidence, the Court may not absolve the fact finders' role by assessing how it might have resolved any conflicts, drawn inferences, or considered

ORDER - 1

the evidence at trial. *Id.* (quoting *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc)). Federal Rule of Criminal Procedure 33 governs Defendant's request for a new trial, and directs that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

Here, the Court finds that the jury was presented with sufficient evidence of federal supervision and control. The Court properly instructed the jury on this issue and the jury concluded that the evidence established federal supervision and control. When viewed in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] Likewise, the Court finds that the interest of justice does not require the Court to vacate its judgment or grant a new trial.

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion is DENIED.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of January, 2018.

Thomas S. Zilly
United States District Judge

---

[1] Defendant's argument that the jury rendered a single inconsistent verdict is insufficient to overturn a criminal conviction. "[T]he return of inconsistent jury verdicts is not a basis upon which a criminal defendant may challenge his conviction." *United States v. Lee*, 698 Fed. Appx. 876, 877 (9th Cir. 2017) (citing *Dunn v. United States*, 284 U.S. 390 (1932)). "Any concern that the jury may have reached an irrational or unsupported verdict is obviated by the protection of sufficiency-of-the-evidence review." *Id.* Having concluded that the jury was presented with sufficient evidence to find Defendant guilty on four of the five wire fraud counts, the Court need not resolve any inconsistency between those counts and Count 4.